**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Larry London | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. |
| | ) | _____ |
| | ) | |
| Kroger Corporation, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Larry London (hereinafter "Plaintiff"), by and through his undersigned counsel of record, and files this Complaint for Damages against Kroger Corporation (hereinafter, "Kroger"), showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff  brings this action under the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA") to recover (1) unpaid, federally mandated overtime wages owed to Plaintiff and liquidated damages in an

1

amount equal to unpaid overtime wages; and (2) reasonable attorneys' fees and costs.  Plaintiff also seeks relief pursuant to 215(a)(3) of the FLSA for Defendant's unlawful retaliation.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. 216(b) on the grounds that this action arises under the Fair Labor and Standards Act (hereinafter, "FLSA")  29 U.S.C. § 201 *et. seq.*

3.

The venue of this action is properly placed in the Northern District of Georgia, Atlanta Division  pursuant to 28 U.S.C. § 1391because the activities giving rise to Plaintiff's claims transpired in this district and Defendant is a resident of this District.

## PARTIES

4.

Plaintiff Larry London is a citizen of the United States, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Defendant Kroger is a corporation doing business in Georgia as it operates the Kroger Store #13-473 located at 2655 Freedom Parkway, Cumming, GA, where the unlawful employment practices described herein occurred.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b).  Defendant may be served with Summons and Process through its Registered Agent, CSC of Cobb County, Inc., located at 192 Anderson Street S.E., Suite 125 Marietta, Georgia 30060.

## STATEMENT OF FACTS

6.

Plaintiff  is a 62 year old White Male who worked for the Defendant from October 2007 until February 6, 2014 as a Dairy Lead and Grocery Manager.

7.

Plaintiff was Defendant's "employee" as defined by FLSA §3(e), 29 U.S.C. §203(e).

8.

Plaintiff performed non-exempt work for Defendant within the last 3 years.

9.

During the relevant time period, Plaintiff worked an amount of time that was more than 40 hours per workweek and was not paid the overtime wage differential.

10.

Defendant Kroger is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

Kroger is an "employer" as defined by FLSA §3(d), 29 U.S.C. §203(d).

12.

During the relevant time period, Lori Dotson was the Store Manager and acted both indirectly and directly in the interest of  Kroger.  Dotson had discretion over Plaintiff's payroll and overtime compensation and was in a supervisory position over Plaintiff.

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## FACTS

14.

Plaintiff worked for Defendant within the past three years.

15.

During Plaintiff's employment with Defendant, Plaintiff was not paid the overtime wages and the wage differential required by FLSA §7, 29 U.S.C. §207 when Plaintiff worked above forty (40) hours in a workweek.

16.

Defendant paid Plaintiff on an hourly basis, not a salary basis.

17.

Defendant paid Plaintiff $19.85 per hour from 2011 until 2014 when he worked as Grocery Manager.

18.

Although Plaintiff worked approximately seventy (70)  hours in a work week, Dotson directed Plaintiff to not record all his hours and paid Plaintiff for only eight hours overtime each week.

19.

In early February 2014, Plaintiff complained to Dotson about not getting paid overtime for all hours worked.  Dotson responded by telling Plaintiff that

he would have to put in as many hours as necessary to get the job done, but that he should not record the hours actually worked.

20.

Dotson required Plaintiff to work "off the clock"

21.

Approximately two weeks after Plaintiff complained about not getting paid overtime, Defendant accused Plaintiff of violating store policy and terminated his employment.

22.

Plaintiff had never been reprimanded prior to his refusal to work off the clock without compensation.

## COUNT ONE
## VIOLATION OF THE FLSA

23.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

24.

Defendant has violated FLSA 7, 29 U.S.C. 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

25.

Defendant routinely required Plaintiff to work more than forty (40) hours per week without overtime compensation.

26.

Defendant's actions, policies, and/or practices described above are in violation of the FLSA's overtime requirements as they fail to adequately compensate Plaintiff for time spent on work activities as described herein.

27.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff's overtime compensation in violation of the FLSA.

28.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA.

29.

Defendant's conduct was willful and in bad faith.

## COUNT TWO
## RETALIATION IN VIOLATION OF  THE FLSA

30.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

31.

Plaintiff engaged in statutorily protected conduct under the FLSA by opposing an employment practice he reasonably believed was unlawful under the FLSA when he complained about not being paid overtime.

32.

Plaintiff suffered an adverse action as a result of his statutorily protected conduct.  To wit, Defendant terminated his employment shortly after Plaintiff complained about not being compensated for overtime work.

33.

Plaintiff received promotions and other recognition throughout his employment with Kroger; never received any reprimands or other adverse treatment until he complained about not being paid for all hours worked.

34.

Defendant's stated reason for Plaintiff's termination is mere pretext, designed to hide the fact that Plaintiff was fired for complaining about not being paid for all hours worked.

35.

Plaintiff's statutorily protected activity was the motivating factor in the Defendants' decision to terminate his employment.

36.

As a direct and proximate result of the retaliation, Plaintiff has sustained financial losses and mental anguish for which he is entitled to recover from Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for:

1) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates for a period of three years;

2) Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

3) Attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

4) Trial by jury as to all issues;

5) Prejudgment interest at the rate allowed by law;

6) Declaratory relief to the effect Defendants have violated Plaintiff's statutory rights; and

7) Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 5th day of February 2016.

MOLDEN, LLC

/s/ Regina S. Molden
Regina S. Molden
Georgia Bar No. 515454
Peachtree Center – Harris Tower
233 Peachtree Street, N.E. Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenlaw.com
Attorney for Plaintiff